UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSIE T. MOTEN, | ) | 1:08-cv-01121-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS PETITION FOR WRIT OF HABEAS |
| v. | ) | CORPUS FOR LACK OF JURISDICTION |
| | ) | |
| | ) | ORDER DIRECTING THAT OBJECTIONS BE |
| J. KAVANAUGH, | ) | FILED WITHIN TWENTY DAYS |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On August 4, 2008, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner contends that his constitutional rights to due process and a fair hearing were denied as a result of a prison disciplinary proceeding held on April 18, 2006, at which Petitioner was found guilty after an altercation with prison employees that occurred previously on March 2, 2006. The petition alleges that, as a result of the hearing process, Petitioner was not subjected to any forfeiture of credits. (Doc. 1, p. 5).

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491

1

(9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . .." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)( quoting Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S. Ct. 1827, 1833 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-142, 111 S. Ct. 1737, 1741 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner complains that Respondent violated his constitutional rights to due process and a fair hearing by the manner in which the prison disciplinary hearing process was conducted.  Although the hearing officer recommended that Petitioner be considered for disciplinary/program review and for possible placement in the Secure Housing Unit, Petitioner did not suffer any credit loss. (Doc. 1, p. 5).   Because there was no loss of credit, the instant petition does not challenge Petitioner's sentence.  Petitioner makes no claim that challenges the underlying conviction.

Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement.  Hence, there is no habeas relief which this Court can provide to Petitioner, and therefore this petition should be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**RECOMMENDATIONS**

Accordingly, the Court HEREBY RECOMMENDS the following:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

1  These Findings and Recommendations are submitted to the United States District Judge
2  assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
3  the Local Rules of Practice for the United States District Court, Eastern District of California.
4  Within twenty (20) days after being served with a copy, any party may file written objections
5  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections
6  to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
7  and filed within ten (10) court days (plus three days if served by mail) after service of the
8  objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to
9  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
10 specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951
11 F.2d 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.
14 Dated:   **October 10, 2008**               **/s/ Theresa A. Goldner**
                                                UNITED STATES MAGISTRATE JUDGE